# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JEREMY M. CARTER,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-102

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jeremy M. Carter ("Carter"), who is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Jesup, Georgia. (Doc. 1.) Respondent filed a Response, (doc. 9), and Carter filed a Reply, (doc. 12). Carter also filed a Motion for Emergency Injunctive Relief. (Doc. 14.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Carter's Motion for Emergency Injunctive Relief as **MOOT**, **DISMISS** Carter's Section 2241 Petition, **CLOSE** this case, and **DENY** Carter *in forma pauperis* status on appeal.

## **BACKGROUND**

Carter was convicted in the Southern District of Florida, after a jury trial, of robbing a bank insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. §§ 2 and 2113(a) and possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 9-3.) According to the Presentence Investigation report ("PSI"), Carter was classified as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career

Criminal Act, or "ACCA").[1]  (Doc. 11.)  Carter's predicate convictions used to trigger this provision included a conviction for first degree attempted murder of his mother and then nine-year old sister, as well as five bank robbery convictions.  (Id. at pp. 9–10.)  Based on these six qualifying convictions, Carter's guidelines range resulted in a range of 262-327 months' imprisonment.  (Id. at p. 16.)  The Southern District of Florida sentenced Carter to 240 months' imprisonment as to the bank robbery charge and 262 months' imprisonment as to the felon-in-possession-of-ammunition charge, to be served concurrently.  (Doc. 9-4, p. 3.)

On September 3, 2002, Carter filed a direct appeal.  (Doc. 9-1, p. 7.)  On June 13, 2003, the Eleventh Circuit Court of Appeals affirmed Carter's convictions and sentence.  (Id. at p. 10.)  On September 2, 2004, Carter filed his first 28 U.S.C. Section 2255 petition in the Southern District of Florida, in which he cited twenty-five errors that had occurred during his case.  (Id. at p. 12.)  After an evidentiary hearing, the district court denied Carter's Section 2255 petition on February 11, 2006.  (Id.)  The Eleventh Circuit affirmed that denial on August 2, 2008.  Carter v. United States, No. 06-11518 (11th Cir. 2008).

While Carter's appeal of his first Section 2255 motion was pending before the Eleventh Circuit, he filed motions to amend or supplement his initial Section 2255 motion, which the district court construed as a second Section 2255 petition.  Order, Carter v. United States, No. 04-CV-80853 (S.D. Fla. Mar. 10, 2006), ECF No. 141.  As Carter had failed to obtain permission to file a second or successive Section 2255 petition, the district court dismissed Carter's second

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions.  18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014).  Without Section 924(e)'s enhancement, Carter would have been subject to a maximum term of ten years in prison.  See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years").

2

Section 2255 petition for failure to obtain prior authorization from the Eleventh Circuit. Order, Carter v. United States, No. 06-CV-80339 (S.D. Fla. June 16, 2006), ECF No. 4.

Carter then filed a Writ of *Audita Querela*, in which he sought to reduce his sentence from 262 months' imprisonment to 151 months' imprisonment. Pet., Carter v. United States, No. 11-81397 (S.D. Fla. Dec. 27, 2011), ECF No. 1. The district court again construed Carter's Writ as a third Section 2255 motion and dismissed the petition for failure to obtain leave to file from the Eleventh Circuit. Order, Carter v. United States, No. 11-81397 (S.D. Fla. Jan. 26, 2012), ECF No. 6. Carter appealed this dismissal to the Eleventh Circuit, arguing that the district court improperly construed his petition as a successive Section 2255 motion. Notice of Appeal, Carter v. United States, No. 11-81397 (S.D. Fla. May 17, 2012), ECF No. 12. The Eleventh Circuit rejected his arguments and affirmed the district court's dismissal. Order, Carter v. United States, No. 11-81397 (S.D. Fla. Nov. 21, 2012), ECF No. 18. However, the Eleventh Circuit later granted Carter permission in March 2013 to file a fourth Section 2255 motion. Mot, Carter v. United States, No. 13-80373 (S.D. Fla. Apr. 12, 2013), ECF No. 1. After an evidentiary hearing, the district court again denied Carter's successive Section 2255 motion. Order, Carter v. United States, No. 13-80373 (S.D. Fla. May 26, 2015), ECF No. 94. Following the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), Carter filed the instant Section 2241 Petition alleging that his ACCA-enhanced sentence is illegal and that he is being unlawfully detained.

## DISCUSSION

In his current Petition, Carter contends he is actually innocent of his ACCA sentence enhancement in light of the United States Supreme Court's decision in Johnson v. United States,

___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015).[2] (Doc. 1, p. 1.) Specifically, Carter asserts his prior convictions for attempted murder and bank robbery are no longer considered "violent felonies" under the ACCA's residual clause. (Id.) Carter also requests emergency injunctive relief in the form of an Order from the Court that Respondent allow him access to the law library and his legal materials.[3] (Doc. 14.)

Respondent argues Carter is not entitled to use of Section 2255's savings clause. (Doc. 10, p. 7.) Respondent states Johnson cannot form the basis for savings clause relief, as the rule announced in that case is a new constitutional rule[4], and neither the Supreme Court nor the Eleventh Circuit has ever held that a Section 2255 motion is an "inadequate or ineffective" vehicle by which to raise such a claim. (Id.)

## I. Carter's Motion for Emergency Injunctive Relief

In addition to his Section 2241 Petition, Carter requests that this Court issue preliminary and permanent injunctions ordering Respondent to provide him with daily access to the law library and his legal materials while he is housed in administrative confinement, and to refrain from retaliating against Carter for seeking injunctive relief. (Doc. 14, p. 3.) However, Carter's

---

[2] In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S. at ___, 135 S. Ct. 2551, 2563. The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

[3] Carter also requests that the Court order Respondent to refrain from retaliating against him for requesting such relief. (Doc. 14.)

[4] While the United States Supreme Court has now decided Johnson announced a substantive rule that applies retroactively to cases on collateral review, Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), Respondent's requested relief of dismissal of Carter's Section 2241 is no less appropriate.

injunctive relief claims against Respondent are now moot because Plaintiff is no longer housed at the Federal Correctional Institution in Jesup, Georgia. Rather, Plaintiff is housed at the Federal Correctional Institution in Estill, South Carolina, a facility where Respondent does not work. As such, Respondent does not have any involvement in Plaintiff's current confinement, much less decision making authority over the extent to which Carter has access to the law library or his legal materials. An inmate's claim for injunctive relief against a prison official is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief . . . fails to present a case or controversy once the inmate has been transferred."). Thus, the Court should **DENY AS MOOT** Carter's motion for preliminary and permanent injunctive relief against Respondent.

## II.      Whether Carter can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner, such as Carter, who has already brought a petition under Section 2255,

5

must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 petition. 28 U.S.C. § 2255(h).

Rather than seeking permission to file a fifth 2255 motion from the Eleventh Circuit Court of Appeals, Carter filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Carter asserts that he properly filed this motion under Section 2241 because he is "actually innocent" of his ACCA conviction and sentence. (Doc. 1, p. 6.) Specifically, Carter argues that, due to the Supreme Court's decision in Johnson, his prior convictions no longer qualify as predicate convictions under the ACCA. (Id.)

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing

6

claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

As noted above, Carter relies upon the Supreme Court's decision in Johnson to support his savings clause argument. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

Carter's Johnson claims do not satisfy the Bryant factors because he cannot show that the savings clause reaches those claims. Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims. Carter has a remedy available to him under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition.[5] On this front, the Court notes that the Supreme Court recently decided in Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review. The Supreme Court's decision in Welch that makes Johnson retroactive changes the Eleventh Circuit's Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners such as Carter. See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain,

---

[5] 28 U.S.C. § 2255(h) provides,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). In addition, the Eleventh Circuit has already recognized Welch's holding and Johnson's application to cases on collateral review. In re Robinson, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016).

Furthermore, the savings clause only applies where a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377–78 (discussing retroactivity requirements in context of deciding whether Section 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, Carter has available to him an actual remedy under Section 2255, specifically, the right to request permission to file a second or successive Section 2255 motion.[6] This Court expresses no opinion on the ultimate success of such an application. However, regardless of the merits of Carter's Johnson arguments, Section 2255(h) clearly provides him a procedural avenue to assert those arguments. As such, he need not, and, thus, cannot, rely upon Section 2255(e). See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a

---

[6] Other courts have noted that, while Johnson and Welch may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e). See King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under Johnson."). Magistrate Judge Brian K. Epps of this District recently concluded that a petitioner cannot bring a Johnson claim via Section 2241 due to the availability of relief under Section 2255(h). R. & R., Richard v. Stone, Case 3:16-cv-1 (Apr. 25, 2016), ECF No. 15 ("Regardless of whether the [circuit court] actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241.").

9

successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Carter may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Carter brought both a direct appeal with the Eleventh Circuit and unsuccessfully brought multiple Section 2255 motions in the district of his conviction. However, the successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that Carter's claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

For all of these reasons, Carter has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241 claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[7]

Carter is reminded that the filing of Section 2255 motions is governed by a statute of limitations period, and of particular significance is Section 2255(f)(3). "It is important to note that 28 U.S.C. 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) (quoting 28 U.S.C. § 2255(f)(3)). Johnson was decided by the Supreme Court on June 26, 2015. "Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[ ] and *not* from the date the newly recognized right was found to be retroactive. Id. (emphasis in original) (citing Dodd v. United States, 545 U.S. 353, 358 (2005)).

Based on these reasons, I **RECOMMEND** the Court **DISMISS** Carter's Section 2241 Petition.

## III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Carter leave to appeal *in forma pauperis*. Though Carter has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[7] Because the Court need not address the relative merits of Carter's claims due to his failure to satisfy the savings clause, the Court will not discuss whether Carter's underlying convictions for attempted murder and bank robbery are violent felonies within the meaning of the ACCA.

11

context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Carter's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Carter's Motion for Emergency Injunctive Relief as **MOOT**, **DISMISS** Carter's Section 2241 Petition, **CLOSE** this case, and **DENY** Carter *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Carter and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA